BROWNING HOOK & EYE CO. v. TRI-EYE HOOK & EYE CO.

(District Court, S. D. New York. September 20, 1912.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—HOOK.

> The Browning patent, No. 678,096, for a hook to be used with an eye for fastening garments, *held* not anticipated, valid, and infringed on motion for a preliminary injunction.

In Equity. Suit by the Browning Hook & Eye Company against the Tri-Eye Hook & Eye Company. On motion for preliminary injunction. Motion granted.

Frank S. Busser, for complainant.
Redding & Greeley, for defendant.

LACOMBE, Circuit Judge. The patent in suit is No. 678,096 to Tillie J. Browning for a "hook" of the sort that is used in connec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion with an eye to fasten garments. It has never been adjudicated, but is an old patent, issued July 9, 1901, and apparently has not been infringed until the comparatively recent appearance of defendant's hooks and eyes. The description is very full, the various objects of invention are clearly pointed out, and the objectionable features of earlier hooks are indicated. Hooks of this sort generally are formed of a continuous piece of wire bent to form two attaching eyes at the rear end of the shank, an upward curve, and a rearwardly projecting bill over which the eye slips and usually a tongue lying between the two wires forming the shank with an upward hump to keep the eye in place. The distinguishing feature of Browning's structure is a transverse loop, formed by additional convolutions of the wire, located at the formed end of the hook or immediately forward, or back of it and extending across from one to the other shank wire. Defendant contends that the patent must be restricted to a transverse loop located in the horizontal plane of the bill. This cannot be done. The patentee evidently considered that such location was preferable, but she did not confine herself to it. On page 3, line 10, referring to a modification shown in the drawings she says:

"The hook is also provided with a loop $S$; but, unlike in the preferred form, the loop is on a level with the shank."

The prior art shows hooks arranged to be stitched to the garment at the forward end, in addition to the main fastening at the rear eyes, but not in the way indicated by Browning. In Bates and Collins (489,520), Shearer (552,783), Malyon (562,314), and Macey (Design 30,464) additional attaching eyes similar to those at the rear are provided in front, extending laterally beyond the shank and unsightly in appearance. In Smith (501,303) there is an attaching eye or loop located between the shank wires, but it is not at the forward end of the shank, being located halfway back from the forward end of the bill and in a position where it cannot be sewed to the garment without stitching through both plies of the goods. In Killinger (485,389) there is an attaching eye at the forward end of the tongue. Of this device the patentee testifies:

"This loop (attaching eye) has no direct connection with the shank member, and is entirely unsupported except by the hump member (tongue). * * * The upward strain of the engaging eye would draw up the shank and bill relatively to the hump member and depress the latter relatively below the level of the shank, in which position the hump member would be functionless. Worse than that, the shank and bill would be drawn up at a considerable angle to the garment to which the hook is sewed and would thus produce a wide and unsightly gap between the two garment sections."

Examination of the Killinger patent indicates that this criticism is well-founded.

The device of the patent involves a small improvement, but it seems to be useful, and, so far as is shown, is not anticipated. Infringement is manifest, since, as is indicated above, the patent is not confined to a transverse loop at the level of the bill. It is un-

necessary to refer to any of the patents cited on the argument which were applied for subsequent to Browning's.

Infringement is charged of several claims. As I construe the patent, the first claim covers defendant's device, and it would seem unnecessary on the hearing of a preliminary injunction to go further into the case. It may be however, that the Court of Appeals will reach a different conclusion as to this claim, although they might be satisfied that some other claim or claims are infringed. But appeal would not bring those other claims before them for construction. Therefore, in order that the whole case may go up, infringement is found as to all the claims on which complainant relies. The device is so simple and the record here is so full that possibly a decision of the case upon appeal from the order may terminate the litigation without subjecting parties to the expense of a trial in court, or final hearing on pleadings and proofs.

Complainant may take injunction under claims 1, 2, 3, 4, 5, 6, 14, 15, 17, and 18.

Injunction will be suspended for 30 days to allow defendant to arrange its business in conformity therewith.